## In re RICHARD H.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1986.

Decided March 11, 1986.

Downeast Law Offices, P.A., Kim M. Vandermeulen (orally), Augusta, for Richard H.

Reef & Mooers, Sarah A. Verville (orally), Portland, for Guardian.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Richard H. appeals from a judgment of the Kennebec County Probate Court adjudicating that he is an incapacitated person and appointing his mother to be his full guardian. 18–A M.R.S.A. §§ 5–101—5–313 (1981 & Supp.1985). As the single issue raised before us, Richard claims that the Probate Court acted beyond its discretion by designating the guardian ad litem to act as his attorney. We affirm the judgment.

After the mother filed the petition seeking appointment as guardian for her son, the court appointed an attorney to act as guardian ad litem pursuant to 18–A M.R.S.A. § 5–303. Although he was not required to do so, the guardian ad litem filed a report to the court stating that he had met with Richard, reviewed his record, and determined that Richard's condition required the appointment of a guardian. At an initial hearing Richard expressed specific objection to a full guardianship that would include the authority to consent to invasive medical treatment. The court continued the matter for more complete medi-

cal testimony and, despite the objection of the guardian ad litem, requested the guardian "to assist [the ward] in putting petitioner to her proof." The court specifically stated that "[n]o counsel need be appointed under the circumstances."[1] Richard now argues that the action of the court amounted to the appointment of his guardian ad litem to be his attorney and placed the guardian in an obvious conflict of interest.

Richard misconceives the action of the Probate Court. The guardian ad litem was not appointed to act as attorney for Richard. In fact the Probate Court declined to appoint an attorney.

The decision to appoint an attorney for a proposed ward is discretionary under our Probate Code. *Matter of Howes*, 471 A.2d 689, 691 (Me.1984) (citing 18–A M.R.S.A. § 5–303 comment). We determine the propriety of the Probate Court's exercise of discretion by reviewing whether the court acted in furtherance of justice in the circumstances of the particular case. *Howes*, 471 A.2d at 691. The record before us reveals no evidence that the Probate Court's actions hampered the interests of justice. Furthermore, Richard conceded at oral argument that the court's actions caused no actual prejudice to him at the hearing.

The mere fact that the guardian ad litem was requested to assist in developing a full record for the court did not create a conflict or appearance of conflict. The guardian continued to act, as was his duty, in the best interest of Richard regardless of Richard's personal wishes. We conclude, therefore, that the court acted within its discretion in the circumstances of this case.

The entry is:

Judgment affirmed.

All concurring.

1. The record is silent as to whether Richard wanted an attorney or had adequate resources